UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Clarence Trotter, A63323, <br><br> Petitioner, <br><br> v. <br><br> Michael Lemke, Warden, Stateville Correctional Center, <br><br> Respondent. | Case No. 21-cv-4233 <br><br> Judge Mary M. Rowland |

**MEMORANDUM AND OPINION ORDER**

Petitioner Clarence Trotter, a prisoner at Stateville Correctional Center, brings a petition under 28 U.S.C. § 2254 challenging his Cook County conviction for first degree murder. [8]. Respondent Michael Lemke, Warden of Stateville Correctional Center, responded to the petition. [11]. For the following reasons, the Court dismisses Petitioner's Section 2254 petition as untimely.

**Background & Procedural History**

When addressing a Section 2254 petition, federal courts "take facts from the Illinois Appellate Court's opinions because they are presumptively correct on habeas review." *Hartsfield v. Dorethy*, 949 F.3d 307, 309 n.1 (7th Cir. 2020) (citing 28 U.S.C. 2254(e)(1)). The facts below come from the appellate court's order affirming the trial court's summary dismissal of Petitioner's postconviction petition. *See People v. Trotter*, 2020 IL App (1st) 163173-U, *appeal denied*, 167 N.E.3d 647 (Ill. 2021).

1

On February 14, 2007, prosecutors charged Petitioner with murder in connection with the 1981 death of Marilyn Dods. *Id.* ¶ 3. At the time of the charge, Petitioner was already imprisoned for an unrelated conviction. *Id.* Petitioner appeared *pro se* for his criminal trial, having discharged his public defender. *Id.* Trial commenced on October 22, 2012. *Id.* After closing arguments, a jury found Petitioner guilty of murder. *Id.* ¶ 25. The trial judge sentenced Petitioner to natural life in prison and denied a motion to reconsider sentence. *Id.* ¶ 26.

On direct appeal, Petitioner claimed he did not validly waive his right to counsel and that the State committed prosecutorial misconduct. *Id.* ¶ 27. The Illinois Appellate Court affirmed Petitioner's sentence, *id.*, and the Illinois Supreme Court subsequently denied Petitioner's petition for leave to appeal on September 30, 2015, *see People v. Trotter*, 39 N.E.3d 1010 (Ill. 2015). Petitioner did not file a petition for a writ of certiorari to the United States Supreme Court.

On July 26, 2016, Petitioner filed a *pro se* postconviction petition. *Trotter*, 2020 IL App (1st) 163173-U ¶ 28. On August 3, 2016, the trial court summarily dismissed the postconviction petition, reasoning that the petition was "completely without merit." *Id.* ¶ 29. On January 5, 2017, the Illinois Appellate Court permitted Petitioner's late notice of appeal. *Id.* ¶ 30. In September 2020, the appellate court affirmed the circuit court's summary dismissal of Petitioner's postconviction petition. *Id.* ¶ 44. Petitioner thereafter filed a petition for leave to appeal (PLA) with the Illinois Supreme Court, which the court denied on March 24, 2021. *People v. Trotter*, 167 N.E.3d 647 (Ill. 2021).

Petitioner mailed his Section 2254 petition [1] to this Court on July 30, 2021. [3] at 1. On August 18, 2021, the Court denied Petitioner's original petition without prejudice for failure to use the Court's required form under Local Rule 81.3. [4]. Petitioner subsequently filed an amended Section 2254 petition on the Court's required form. [8].

In his amended Section 2254 petition, Petitioner raises the following claims: (1) appellate counsel was ineffective for failing to argue that the evidence at trial was insufficient to prove petitioner guilty of murder beyond a reasonable doubt; (2) postconviction appellate counsel provided an unreasonable level of assistance because he did not raise petitioner's postconviction claim regarding the issuance of a subpoena for Ronald Menta; (3) postconviction appellate counsel provided an unreasonable level of assistance because he did not raise petitioner's postconviction claim regarding disclosure of information to the defense regarding a "do-rag" recovered from the scene of the crime; and (4) the state appellate court's conclusion that petitioner knowingly waived his right to counsel rested on an unreasonable determination of fact. [8] at 5–6, 7, 10–12, 13–15, 16–17, 18–30.

Respondent argues that the Court should decline to review Petitioner's petition based on the concurrent sentence doctrine[1]; the Court should dismiss the petition as time-barred under the Antiterrorism and Effective Death Penalty Act of 1996

---

[1] The concurrent sentence doctrine is a discretionary doctrine that allows courts to "decline to review a conviction carrying a concurrent sentence when one concurrent conviction has been found valid." *Ruiz v. United States*, 990 F.3d 1025, 1033 (7th Cir. 2021) (internal quotation marks and citation omitted), *cert. denied*, 142 S. Ct. 1421 (2022).

3

(AEDPA); and the claims fail on their merits. [11]. Because it is dispositive, the Court's discussion will focus on the issue of timeliness.

## Discussion

### A.  Petitioner Failed to Timely File His Petition

The AEDPA provides that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court," which usually runs from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id.* § 2244(d)(2).

After the Illinois Appellate Court affirmed his murder conviction, Petitioner filed with the Illinois Supreme Court a PLA, which was denied on September 30, 2015. *See People v. Trotter*, 39 N.E.3d 1010 (Ill. 2015). Petitioner's judgment "became final" for present purposes ninety days later, or on December 29, 2015, when the time to petition for a writ of certiorari expired. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that because the petitioner "did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired"); *Mayberry v. Dittmann*, 904 F.3d 525, 528 (7th Cir. 2018) ("Mayberry did not petition for certiorari in the United States Supreme Court, so his conviction

4

became 'final' for purposes of habeas review when the time for filing a certiorari petition expired 90 days later, on March 5, 2012.").

The statute of limitations on Petitioner's Section 2254 petition therefore began running on December 29, 2015, the day it became "final." *Mayberry*, 904 F.3d at 528; *see also Turner v. Brown*, 845 F.3d 294, 295 (7th Cir. 2017) (noting that petitioner "did not seek a writ of certiorari to the United States Supreme Court, and his opportunity to do so expired ninety days later"). The limitations period then ran for 209 days, or until July 26, 2016, when Petitioner filed his postconviction petition. *Trotter*, 2020 IL App (1st) 163173-U ¶ 28. The filing of Petitioner's postconviction petition tolled the limitations period. *Perry v. Brown*, 950 F.3d 410, 412 (7th Cir. 2020); *see* 28 U.S.C. § 2244(d)(2) (excluding from the Section 2254 limitations period the "time during which a properly filed application for State post-conviction or other collateral review . . . is pending").

Respondent argues that because Petitioner did not file a timely notice of appeal following the trial court's August 3, 2016 denial of the postconviction petition, Petitioner is not entitled to toll the entire time through the denial of his postconviction PLA. [11] at 8. This Court agrees. In *Fernandez v. Sternes*, the petitioner missed his deadline for filing a PLA on his postconviction petition. 227 F.3d 977 (7th Cir. 2000). Although the Illinois Supreme Court later granted the petitioner's motion for leave to file a late PLA, the Seventh Circuit held that the postconviction petition was not "pending" between the due date for the PLA and the date on which the petitioner had filed the request for late filing. *Id.* at 979. The

5

Seventh Circuit reasoned that an "untimely petition is just that; it is filed when it is filed, and it was not 'pending' long before its filing." *Id.* at 981. In *Griffith v. Rednour*, while reaffirming *Fernandez*, the Seventh Circuit again reiterated that "a state court's decision to accept an untimely paper makes it 'properly filed' but . . . that . . . does not mean that the proceeding was 'pending' during the gap between the end of the authorized filing period and the belated acceptance." 614 F.3d 328, 330 (7th Cir. 2010); *see also De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009) ("A state's decision to accept an untimely filing does not justify back-dating that filing.").

Under *Fernandez* and *Griffith*, the statute of limitations began running again for Petitioner on September 2, 2016, when the thirty-day period for Petitioner to file a timely notice of appeal expired. *See* Ill. S. Ct. R. 606, 651; *see Griffith*, 614 F.3d at 330. The limitations period then ran until November 20, 2016, or for 78 days, when Petitioner moved for leave to file a late appeal—a motion that the appellate court ultimately granted. [12-12]; [12-13]; *see Griffith*, 614 F.3d at 330 (holding that the petitioner only had a "pending" postconviction proceeding from September 1, 2005, when he tendered his motion for leave to file an untimely PLA, through December 1, 2005, when the state court (after accepting the late filing) denied the petition for leave to appeal). Subsequently, the statute of limitations remained tolled until the Illinois Supreme Court denied Petitioner's postconviction PLA on March 24, 2021. *See People v. Trotter*, 167 N.E.3d 647 (Ill. 2021); *see Griffith*, 614 F.3d at 330 (noting that the postconviction petition is no longer "pending" once the Illinois Supreme Court denies the postconviction PLA); *Lawrence v. Florida*, 549 U.S. 327, 332 924 (2007) ("State

6

review ends when the state courts have finally resolved an application for state postconviction relief.").

On the date the statute of limitations resumed running upon the denial of the PLA, March 24, 2021, the limitations period had already run for 287 days (209 days + 78 days). The limitations period then ran for the remaining 78 days, until it expired on June 11, 2021.

But Petitioner did not file his Section 2254 petition by June 11, 2021. Instead, Petitioner's proof of service shows he mailed his original Section 2254 petition (on the improper form) on July 30, 2021. [3] at 1. Under the "mailbox rule," which extends to prisoners filing *pro se* habeas petitions, a "petition is deemed filed when given to the proper prison authorities and not when received by the district court clerk." *Barlow v. Dorethy*, No. 19-CV-04011, 2020 WL 5800725, at *2 (N.D. Ill. Sept. 29, 2020) (quoting *Jones v. Bertrand*, 171 F.3d 499, 502 (7th Cir. 1999)); *see also Scott v. Warden, Graham Corr. Ctr.*, No. 18-CV-1345-SMY, 2019 WL 4535503, at *1 (S.D. Ill. Sept. 19, 2019) (noting that "under the prison mailbox rule, the Petition was considered filed as of the date Scott placed it in the prison mailing system"). This Court therefore deems his petition filed as of that date. *See, e.g., Fiumefreddo v. Brookhart*, No. 21 C 219, 2021 WL 3472633, at *2 (N.D. Ill. Aug. 6, 2021) (deeming habeas petitioner's petition filed as of the date the petitioner's proof of service stated he mailed his petition).

Petitioner's July 30, 2021 filing comes well after the deadline of June 11, 2021 under the AEDPA. This Court therefore dismisses Petitioner's petition as untimely and declines to reach the merits of Petitioner's claims.

### B.     Certificate of Appealability and Notice of Appeal Rights

This Court's denial of Petitioner's petition is a final decision ending the case. This Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2). When a "habeas petition is dismissed as untimely, a certificate of appealability should issue only if reasonable jurists would find the petition's timeliness 'debatable.'" *Traywick v. Lashbrook*, No. 17-CV-943, 2018 WL 1255019, at *5 (N.D. Ill. Mar. 12, 2018) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *see also Ramunno v. United States*, 264 F.3d 723, 725 (7th Cir. 2001) ("Disputes about a petition's timeliness do not support an appeal unless a substantial constitutional issue lurks in the background, and the statutory question is independently substantial."). Given that the AEDPA time-bars Petitioner's claims, reasonable jurists would not debate, much less disagree, with this Court's resolution of Petitioner's claims.

Petitioner may appeal only if he obtains a certificate of appealability. Here, this Court has already declined to issue a certificate of appealability. Thus, Petitioner must request a certificate of appealability from the Court of Appeals pursuant to Federal Rule of Appellate Procedure 22 and 28 U.S.C. § 2253(c), in addition to filing his notice of appeal. Petitioner must file a notice of appeal in this Court within 30 days judgment is entered. Fed. R. App. P. 4(a)(1). He need not bring a motion to

Case: 1:21-cv-04233 Document #: 13 Filed: 10/07/22 Page 9 of 9 PageID #:1387

reconsider this decision to preserve his appellate right, but if he wishes the Court to reconsider its judgment, he may file a motion under Fed. R. Civ. P. 59(e) or 60(b). A Rule 59(e) motion must be filed within 28 days of entry of judgment and suspends the deadline for filing an appeal until the motion is ruled on. *See* Fed. R. Civ. P. 59(e); Fed. R. App. P. 4(a)(4)(A)(iv). A Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). A Rule 60(b) motion suspends the deadline for filing an appeal until the motion is ruled on only if the motion is filed within 28 days of the judgment. Fed. R. App. P. 4(a)(4)(A)(vi). The time to file a Rule 59(e) or 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2).

## Conclusion

For the reasons explained above, this Court dismisses Petitioner's habeas corpus petition [8] as time-barred and declines to issue a certificate of appealability. The Clerk is directed to enter a judgment of dismissal. Civil case terminated.

E N T E R:

Dated: October 7, 2022

_Mary M Rowland_
MARY M. ROWLAND
United States District Judge

9